MISSOURI, KANSAS & TEXAS RAILWAY COMPANY V.
J. W. KENNEDY.

Decided November 7, 1903.

**1.—Killing Stock—Railroads—Charge Without Evidence.**

In an action for the value of a horse alleged to have been struck and killed by a railroad engine, a charge making the defendant company liable if the horse was frightened and thus caused to go on the track, was error where there was no evidence of the animal having been frightened.

**2.—Same—Burden of Proof—Charge.**

Where, in such action, the evidence was not such as to shift the burden of proof on to the defendant in any respect, a charge that the jury should "render a verdict in favor of the party in whose favor the evidence preponderates," was. erroneous, since, in the event the jury had believed the evidence evenly balanced, the defendant was entitled to their verdict.

Appeal from the County Court of Denton. Tried below before Hon. I. D. Ferguson.

*J. C. Bottorff,* for appellant.

*Mounts & Hopkins* and *A. C. Owsley,* for appellee.

CONNER, CHIEF JUSTICE.—Upon an appeal to the county court appellee recovered a judgment for the sum of $125 as damages for the alleged killing of one of his horses on appellant's unfenced right of way within appellee's inclosed farm.

The evidence in appellee's behalf was to the effect that the horse was found in a dying condition some twenty feet to the north of a small bridge over a ravine crossing the right of way. Blood and hair were found on the fourth bridge tie from the south end of the bridge, and thence on to where the horse was found with broken ribs, legs and back. No one testified to having seen a train strike the horse or frighten him. Appellant's witnesses, however, some four in number, testified that they were on a northbound train passing about 4 a. m. of the day on which the injured horse was found, and that some one flagged the train and informed them of a horse fastened in the bridge; that they so found the horse and removed him, the train at no time striking him. At least one witness testified that the horse was vicious and that he struggled and kicked while being removed, and fell off the end of the bridge some twenty feet below, thus raising the inference that the fatal injuries were the result of the fall. While there exists some variance in description, we think it apparent from the whole testimony that but one horse was injured on the night in question, and that the testimony of all witnesses speaking thereto must be referred to the one for the loss of which this suit was instituted.

The court gave the following charge, to which error is assigned, viz: "Sec. 1. Each and every railway company shall be liable to the owner

for the value of all stock killed or injured by the locomotives and cars of such railway company in running over their respective railways. If the railway company fence in their road, they shall only be liable in cases resulting from the want of ordinary care.

"Sec. 2. Bearing in mind the above and foregoing instructions, if the jury find and believe from the preponderance of the evidence that the plaintiff's horse was struck and injured by the locomotive and cars of the Missouri, Kansas & Texas Railway Company, and that the railway was not fenced in at the place where the horse was struck, then you will find for the plaintiff such damage as you may find he sustained, not to exceed the sum of $125. The measure of the damage will be the market value of said horse at the time the horse was killed. Market value is what the horse could have been bought or sold for on the market at the time the horse was killed. You are instructed that where the railway is not fenced, the law presumes negligence on the part of the railway company if stock is struck and injured or killed by the passage of trains. But if the jury find that the railway was fenced, you are instructed that negligence would not be presumed, but the plaintiff would be required to prove negligence on the part of the railway company in order to entitle him to recover.

"The fact that the farm of the owner of stock is fenced does not relieve a railway company from fencing in its railway track through said farm.

"You are instructed that where suit has been brought for the recovery of damages for stock killed and injured by the locomotive and cars of a railway company under article 4528 of the Revised Statutes as quoted and set out in section 1 of this charge, the plaintiff must prove by a preponderance of the evidence that the animal was killed or injured by coming in contact with engine or cars of the railway company. If you find and believe by a preponderance of the evidence that said horse was not struck by the company's train, then you are instructed that the plaintiff would not be entitled to recover upon section 1 of this charge, and you are instructed to find for the defendant, unless you should find and believe by a preponderance of the evidence that the employes of the railway company negligently frightened said animal, and by their negligence caused the horse to run into the bridge, and by that means injured and killed, then you will find for the plaintiff, but you are instructed that the burden of proof is upon the plaintiff to establish such negligence by a preponderance of the evidence. But if the jury find and believe by a preponderance of the evidence that the horse was not struck by the engine or cars, or that the horse was not frightened and run into the bridge by the negligence of the employes of the company, but that the horse went onto the bridge without any act or fault of the railway company, then you are instructed that the company would not be liable. The jury are the exclusive judges of the evidence and of the credibility of the witnesses. The jury is instructed that you will render your verdict in favor of the party in whose favor the evidence preponderates."

We think the charge is objectionable as assigned. We fail to find any evidence tending to prove that appellee's horse had been negligently frightened and caused to run upon the bridge. It was hence error to submit the issue.

The charge also seems at least confusing and misleading upon the subject of the burden of proof. The burden was upon appellee to establish by a preponderance of the evidence every fact essential to his recovery. Such burden at no time shifted to appellant under the facts of this case, and in event the jury had believed the proof evenly balanced appellant was entitled to their verdict.

There seems to be no controversy as to the facts that appellee's farm was inclosed and that appellant's right of way was unfenced. No necessity therefore seems to exist for instructions relating to such matters. The sole issue as presented by the evidence was, did appellant's engine or train strike and injure appellee's horse? If so established by a preponderance of the evidence, appellant is liable.

We conclude that the judgment should be reversed and the cause remanded because of the errors noted.

*Reversed and remanded.*